IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 17-0589-JKB |
| : | |
| MOISES ALEXIS REYES-CANALES : | |
| : | |
| **Defendant** : | |

## MOTION TO SUPPRESS SEARCH AND SEIZURE EVIDENCE

COMES NOW, the Defendant, Moises Alexis Reyes-Canales, by and through his attorneys, Michael E. Lawlor, and Nicholas G. Madiou, Brennan, McKenna & Lawlor, Chtd., and moves this Honorable Court to suppress tangible and derivative evidence seized in connection with the execution of search and seizure warrants, and those searches and seizures conducted without the support of a warrant. In support of this Motion, counsel state the following:

1. On March 29, 2018, the United States of America filed a Superseding Indictment ("the Indictment") against Mr. Reyes-Canales, and five other co-defendants. Specifically, the United States charged Mr. Reyes-Canales with Conspiracy to Participate in a Racketeering Enterprise, in violation of 18 U.S.C. § 1962(d) ("Count One"); Attempted Murder in Aid of Racketeering, in violation of 18 U.S.C. § 1959(a)(5) ("Count Four"); Conspiracy to Commit Murder in Aid of Racketeering, in violation of 18 U.S.C. § 1959(a)(5) ("Count Five"); Use of a

1

Firearm During and In Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c) ("Count Six"); Attempted Murder in Aid of Racketeering, in violation of 18 U.S.C. § 1959(a)(5) ("Count Seven"); Use of a Firearm During and In Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c) ("Count Eight"); and Conspiracy to Possess a Firearm in Further of a Crime of Violence in violation of 18 U.S.C. § 924(o) ("Count Nine").

2. According to discovery materials produced in this case, the following searches were conducted either via search and seizure warrant or by way of a warrantless search and seizure:

   a. AT&T phone records associated with phone numbers 443-333-6745 and 410-940-9763, and any other cell phone believed to be in association with Mr. Reyes-Canales;

   b. Facebook records associated with the user name "Alexis Canales" and any other social media account believed to be in association with Mr. Reyes-Canales;

   c. Search warrant issued for premises at 961 David Drive, Lawrenceville, GA on February 21, 2017;

   d. Search warrant issued for certain cellular telephones located at the HIS Baltimore Office issued on October 20, 2018;

   e. Search warrant issued for certain cellular telephones issued by the

Circuit Court for Anne Arundel County, Maryland;

      f. Search warrant issued for a DNA sample of Mr. Reyes-Canales;

3. To the extent that the government intends to use information gathered from these searches at trial, Mr. Reyes-Canales asserts that each search was conducted without probable cause as required by the Fourth Amendment to the United States Constitution, and that all warrants issued failed to allege sufficient probable cause that evidence of a crime would be found within the account's stored contents.

4. The warrants fail to allege probable cause as defined in *Illinois v. Gates*, 462 U.S. 213 (1983), that is, such details that give rise to a fair probability that contraband or evidence of a crime will be found in a particular place.

5. The warrants fail to establish a sufficient nexus between alleged criminal conduct and the place to be searched. Probable cause will not exist if the agent can only point to a "bare suspicion" that criminal evidence will be found in the place searched. *See Brinegar v. United States*, 338 U.S. 160, 175 (1949).

6. In holding that a search warrant is required to search a cell phone seized upon arrest, the Supreme Court noted that "…the sum of an individual's private life can be reconstructed through a thousand photographs labeled with dates, locations, and descriptions…" and "…the data on a phone can date back to the purchase of the phone, or even earlier." *Riley v. California*, 573 U.S.__, 18 (2014). Given the privacy

invasion with such searches, it is even more important that the warrant particularize exactly what content is to be searched and seized rather than generally authorize the search of every item contained therein.

7. Mr. Reyes-Canales has standing to contest the searches described above. *See Rakas v. Illinois*, 439 U.S. 128 (1978).

8. Because the defense's investigation of this case is incomplete, Mr. Reyes-Canales reserves the right to move for suppression of evidence based on grounds not now discernable such as, but not limited to, rights under *Franks v. Delaware*, 438 U.S. 154 (1978).

9. For these reasons and those that shall be articulated at a hearing on the instant motion, the searches described above were conducted in violation of the Fourth Amendment, and should therefore be excluded from trial.

WHEREFORE, Mr. Reyes-Canales respectfully requests that this Court suppress all evidence obtained by law enforcement authorities as the result of the searches described above.

Respectfully submitted,

*Michael Lawlor*

_____
Michael E. Lawlor
Nicholas G. Madiou
Brennan, McKenna & Lawlor
6305 Ivy Lane, Suite 700
Greenbelt, Maryland  20770
301.474.0044

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 15, 2019, a copy of the foregoing was sent to the United States Attorney's Office for the District of Maryland, via ECF.

*Michael Lawlor*

_____
Michael E. Lawlor