# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, | * | |
| v. | * | CRIMINAL NO. JKB-17-0589 |
| MOISES ALEXIS REYES-CANALES, et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

The Court held a motions hearing in this case on July 1 and 2, 2019. For the reasons stated in open court, it is ORDERED:

1. Fermin Gomez-Jimenez's Motion to Suppress Tangible and Statement Evidence (ECF No. 114) is DENIED.

    a. Fermin Gomez-Jimenez's Corrected Motion for Leave to Supplement that motion (ECF No. 172) is GRANTED IN PART, insofar it seeks leave to supplement.

    b. The Court concludes that the discovery and seizure of the phone in question was lawful, but the Court will DEFER any further decision on the legality of any subsequent search of the content of the data stored on the phone, until outstanding issues are briefed in accordance with the following schedule:

    | | |
    |---|---|
    | September 6, 2019 | Deadline for the Government's response |
    | September 13, 2019 | Deadline for Defendant's reply |
    | **September 27, 2019, 10:00 a.m.** | **Pretrial Conference**, Courtroom 3D. Defendants must be present, and any outstanding pretrial motions will be decided at this time. |

2. Juan Carlos Sandoval-Rodriguez's Motion to Suppress Search Evidence from recorded phone calls (ECF No. 118) is DENIED, and Fermin Gomez-Jimenez's Motion to Adopt or Join Sandoval-Rodriguez's motion (ECF No. 170) is GRANTED IN PART, insofar as it seeks to adopt arguments made in Sandoval-Rodriguez's motion that are applicable to Gomez-Jimenez, and DENIED on the merits.

The Court concludes that the Government failed to prove by a preponderance of the evidence that Sandoval-Rodriguez and Gomez-Jimenez were provided notice, in a language they could understand, that calls made from the Anne Arundel County Detention Center (AACDC) on Jennifer Road were recorded. Nonetheless, the Court concludes that, under the reasoning of *Hudson v. Palmer*, 468 U.S. 517 (1984), there is no reasonable expectation of privacy in phone calls not involving attorneys made by the Defendants from AACDC phones while the Defendants were AACDC inmates. Although "prisons are not beyond the reach of the Constitution," *id.* at 523, the Supreme Court held in *Hudson* that "[a] right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continued surveillance of inmates . . . required to ensure institutional security and internal order," *id.* at 527–28. That conclusion applies with equal force to jail calls made to individuals other than attorneys as it did to the physical searches of prisoners' cells at issue in *Hudson*. There is ample justification in this jurisdiction for routine monitoring of jail calls as a necessary means of identifying, controlling, or preventing safety threats and the movement of contraband. Accordingly, the Court concludes that the loss of privacy in the content of non-attorney jail calls is another aspect of the gross loss of privacy inherent in incarceration, including pre-trial incarceration. *See id.* at 528. For that reason, Sandoval-Rodriguez and Gomez-

2

Jimenez had no reasonable expectation of privacy implicating the Fourth Amendment in the content of such calls.

3. Juan Carlos Sandoval-Rodriguez's Motion to Suppress Search Evidence (DNA) (ECF No. 119) and Motion to Suppress Search Evidence (Whatsapp) (ECF No. 120) are DENIED AS MOOT, based on the Government's stipulation that it does not intend to introduce any such evidence in its case-in-chief, and without prejudice to the Defendant's ability to renew the motion should the Government attempt to introduce such evidence.

4. Juan Carlos Sandoval-Rodriguez's Motion to Suppress Interrogation Statements (ECF No. 121) is DENIED AS MOOT, based on the Government's stipulation that it does not intend to introduce any such statements in its case-in-chief, and without prejudice to the Defendant's ability to renew the motion should the Government attempt to introduce such statements or evidence that is solely and materially the fruits of such statements. The Government is specifically ORDERED to provide reasonable notice to Defendant Sandoval-Rodriguez if it intends to introduce in its case-in-chief any statements obtained during an interrogation on February 27, 2018.

5. Marlon Cruz-Flores's Motion to Suppress Statements (ECF No. 125) is DENIED AS MOOT, based on the Government's stipulation that it does not intend to introduce any such statements in its case-in-chief, and without prejudice to the Defendant's ability to renew the motion should the Government attempt to introduce such statements or evidence that is solely and materially the fruits of such statements.

6. Marlon Cruz-Flores's Motion to Sever (ECF No. 127) and Fermin Gomez-Jimenez's Motion to Sever (ECF No. 130, *correcting and superseding* ECF No. 129) are DENIED. Motions to adopt motions of codefendants filed by Juan Carlos Sandoval-Rodriguez

(ECF No. 117) and by Moises Alexis Reyes-Canales (ECF No. 136) are GRANTED IN PART, insofar as they seek to adopt the severance arguments made by Cruz-Flores and Gomez-Jimenez that are applicable to them, and DENIED IN PART on the merits for the same reasons and as a function of the denials of ECF Nos. 127 and 130.

7. With respect to Marlon Cruz-Flores's Motion to Suppress Tangible and Derivative Evidence (ECF No. 128):

   a. The motion is DENIED IN PART AS MOOT, based on the Government's stipulation that it does not intend to introduce in its case-in-chief evidence obtained from the warrants described in Defendant's motion at paragraph 2, sub-paragraphs (d) through (g), without prejudice to the Defendant's ability to renew the motion should the Government attempt to introduce evidence obtained pursuant to those warrants.

   b. The remainder of the motion seeking to suppress evidence obtained from the search warrants described in Defendant's motion at paragraph 2, sub-paragraphs (a) through (c), is DENIED on the merits, because the good faith exception under *United States v. Leon*, 468 U.S. 897 (1984), applies. In reviewing the affidavits submitted in support of the challenged warrants, the Court finds sufficient indicia of good faith on the affiant's part to justify application of the *Leon* exception and insufficient indicia of bad faith to justify suppression.

   c. Motions to join or adopt motions of codefendants filed by Moises Alexis Reyes-Canales (ECF No. 136) and by Fermin Gomez-Jimenez (ECF No. 170) are GRANTED IN PART, insofar as they seek to adopt arguments made by Cruz-Flores with respect to the warrants described in paragraph 7(b), and DENIED on

the merits for the same reasons and as a function of the denial of Cruz-Flores's motion.

8. With respect to Moises Alexis Reyes-Canales's Motion to Suppress Statements (ECF No. 133):

    a. The Government stipulated that it does not intend to introduce in its case-in-chief any statements obtained after the point in the interview, reflected on page 118 of the Government's translated transcript (Gov't Exh. 25), at which Reyes-Canales makes the statement, "Ya no me pregunte nada más," translated in English as "Don't ask me anything else." Based on that stipulation, the motion is WITHDRAWN IN PART and therefore DENIED IN PART AS MOOT, without prejudice to the Defendant's ability to renew the motion should the Government attempt to introduce any statements covered by the stipulation or any evidence that is solely and materially the fruits of such statements.

    b. The remainder of the motion is DENIED on the merits, based on the Court's finding that the detectives conducting the interview did not make any impermissible promises that rendered the statements or the *Miranda* waiver involuntary.

9. Moises Alexis Reyes-Canales's Motion to Strike the Alleged Alias from the Indictment (ECF No. 134) is GRANTED, and all references to the alleged alias SHALL BE STRICKEN from the indictment.

    a. To the extent the motion also seeks to preclude the introduction of any references to the alleged alias at trial, the motion is GRANTED WITHOUT PREJUDICE to the Government's ability to make a particularized showing that specific

circumstances necessitate the introduction of the alias and that the probative value of the introduction of the alias in that circumstance will outweigh any prejudice associated with its introduction. The Government SHALL PROVIDE reasonable, advanced notice to Defendant Reyes-Canales of any intention to do so.

  b. Defendants Fermin Gomez-Jimenez, Juan Carlos Sandoval-Rodriguez, and Marlon Cruz-Flores moved for leave to join the motion to strike through their respective motions to join or adopt motions of codefendants (ECF No. 115, ECF No. 117, and ECF No. 126). Those motions are GRANTED insofar as they seek to adopt the arguments made by Reyes-Canales that are applicable to them and FURTHER GRANTED only to the extent that all references to the Defendants' alleged aliases SHALL BE STRICKEN from the indictment.

10. Moises Alexis Reyes-Canales's Motion to Suppress Evidence Seized from Various Stops and Searches of the Defendant (ECF No. 135) is WITHDRAWN, based on the Government's stipulation that it does not intend to introduce any such evidence in its case-in-chief, and, therefore DENIED AS MOOT.

11. With respect to Moises Reyes-Canales's Motion to Suppress Search and Seizure Evidence (ECF No. 137):

  a. The motion is DENIED IN PART AS MOOT, based on the Government's stipulation that it does not intend to rely on evidence obtained from the warrants described in Defendant's motion at paragraph 2, sub-paragraphs (c) through (f), without prejudice to the Defendant's ability to renew the motion should the Government attempt to introduce evidence obtained pursuant to those warrants.

b. The remainder of the motion seeking to suppress evidence obtained from the search warrants described in Defendant's motion at paragraph 2, sub-paragraphs (a) and (b), is DENIED on the merits, because the good faith exception under *United States v. Leon*, 468 U.S. 897 (1984), applies. In reviewing the affidavits submitted in support of the challenged warrants, the Court finds sufficient indicia of good faith on the affiant's part to justify application of the *Leon* exception and insufficient indicia of bad faith to justify suppression.
12. Marlon Cruz-Flores's Motion for Leave to File Additional Motions (ECF No. 123) and Moises Alexis Reyes-Canales's Motion for Leave to File, Amend, Supplement, Withdraw, or File Additional Motions (ECF No. 138) are DENIED WITHOUT PREJUDICE to the ability to file additional, particularized motions showing a need for relief.
13. Moises Alexis Reyes-Canales's Motion to Adopt Motions of Other Defendants (ECF No. 136), which specifically moved to join four motions filed by codefendant Cruz-Flores, is GRANTED IN PART, insofar it seeks to adopt arguments made by Cruz-Flores that are applicable to Reyes-Canales. The Court further ORDERS that:
    a. With respect to the arguments made in Cruz-Flores's Motion to Suppress Identification Evidence (ECF No. 124), the Court will DEFER decision for the same reasons and according to the same schedule previously ordered in the Amended Scheduling Order dated April 3, 2019 (ECF No. 141).
    b. The motion is otherwise DENIED IN PART AS MOOT, for the same reasons and pursuant to the same conditions on which EDF No. 125 was denied as moot, and,

as previously stated, DENIED on the merits, for the same reasons and as a function of the denials of ECF Nos. 127 and 128.

14. All remaining motions to adopt motions of codefendants not previously addressed are GRANTED IN PART, insofar as they seek to adopt the arguments made by codefendants that are applicable to them, and, EXCEPT the extent to which they are granted as previously stated in paragraph 9(b) of this Order, they are otherwise DENIED for the same reasons and as a function of the denials of the adopted motions. This includes the following motions:

   a. ECF No. 115, filed by Fermin Gomez-Jimenez;

   b. ECF No. 117, filed by Juan Carlos Sandoval-Rodriguez;

   c. ECF No. 126, filed by Marlon Cruz-Flores; and

   d. as previously stated, ECF No. 170, filed by Fermin Gomez-Jimenez.

DATED this 2 day of July, 2019.

BY THE COURT:

James K. Bredar
Chief Judge