## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
|  | * |  |
| **UNITED STATES OF AMERICA,** | * |  |
|  | * |  |
| **v.** | * | **Criminal No.  JKB-17-589** |
| **MOISES ALEXIS REYES-CANALES,** | * |  |
| **Defendant** |  |  |
|  | * |  |

\* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM

The Government moved to exclude the time between February 28, 2020 and June 15, 2020 for purposes of the Speedy Trial Act, 18 U.S.C. § 3161.  (ECF Nos. 325, 336.)  Defendant Reyes-Canales opposed these motions.  (ECF No. 328, 340.)  The matter is fully briefed.   No hearing is required.  *See* Local Rule 105.6 (D. Md. 2018).  For the reasons set forth below, the Government's motions to exclude time pursuant to the Speedy Trial Act will be granted.

### I.    *Background*

Defendant is charged with multiple counts of racketeering activity, including conspiracy to commit murder and two counts of attempted murder, connected to his alleged involvement in the MS-13 gang.  (*See* Second Superseding Indictment, ECF No. 299.)  The Government originally moved to exclude the time period of November 29, 2017 to April 5, 2018 for purposes of the Speedy Trial Act, which the Defendant did not oppose.  (ECF Nos. 36, 42.)   The Court subsequently granted these motions.  (ECF Nos. 37, 43.)  The Government then moved to exclude the time between April 30, 2018 and October 7, 2019 for purposes of the Speedy Trial Act, and Defendant opposed this motion.  (ECF No. 86.)  At the time the Government moved to exclude

that portion of the time, there were six defendants charged, four of whom (including Reyes-Canales) were charged with death-eligible offenses. (*Id.* at 3–4.) The Government cited to *Zafiro v. United States*, 506 U.S. 534, 537 (1993) for the "preference in the federal system for joint trials of defendants who are indicted together." (*Id.* at 3.) The Government further argued, "[w]here denial of severance is proper, delay that results from the joinder of a defendant's trial with that of a co-defendant is properly excluded under 18 U.S.C. § 3161(h)(7)." *Id.* (citing *United States v. Tedder*, 801 F.2d 1437, 1450 (4th Cir. 1986)). The Court ultimately ruled to exclude the time, explaining that the Court found:

> . . . the ends of justice served by granting the requested continuance in this matter outweigh the best interest of the public and the defendants in a speedy trial, inasmuch as the parties need a longer period than is normally afforded under the federal Speedy Trial Act due to the unusual complexity of the case, as well as for discovery, case preparation, and plea negotiations.

(ECF No. 87 at 1.) The Court further found that refusing to exclude this time pursuant to the Speedy Trial Act would "deny counsel for the Defendants and attorneys for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence; and it would be unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself" without providing the parties with additional time. (*Id.*)

On October 2, 2019, Defendant filed a Motion to Sever seeking a separate trial. (ECF No. 241.) By that point, other defendants had pleaded guilty, and Reyes-Canales was scheduled to go to trial on October 7 with a single co-defendant, Juan Carlos Sandoval-Rodriguez. Defendant filed the Motion to Sever after the Court raised concerns about a joint trial in light of the minimal overlap of evidence between the two remaining defendants—namely, Sandoval-Rodriguez and Reyes-

Canales were not charged with being part of the same overarching conspiracy, nor were they charged with the same murders or attempted murders. (Letter Order, ECF No. 236.) The Court subsequently granted Defendant's Motion to Sever due to the "significant risk of unfair prejudice and juror confusion" that would result from a joint trial because of the "extreme, heinous nature of the murder of Victim 1, Reyes-Canales's status as a juvenile at that time, and the complexity of the issues involved." *United States v. Reyes-Canales*, Crim. No. JKB-17-0589, 2019 WL 4933089, at *4 (D. Md. Oct. 7, 2019). The Court permitted the Government to select which trial should occur first, and the Government chose to first proceed with the Sandoval-Rodriguez trial. (October 3, 2019 Motions Hearing Transcript at 37.) A new trial date was set for Defendant of April 13, 2020. (ECF No. 248.)

On December 10, 2019, the Government filed a Second Superseding Indictment, which added a new charge of conspiracy to commit VICAR murder. (*See* Second Superseding Indictment.) Defendant filed a motion to dismiss this new count (ECF No. 310), and the Court denied that motion to dismiss on February 28, 2020 (ECF No. 322). The parties agree that the clock began running for purposes of the Speedy Trial Act after this ruling. (Mot. to Exclude ¶ 7; Opp'n Mot. to Exclude ¶ 13.)

On April 2, 2020, in light of the COVID-19 pandemic, the Court issued an Order vacating the trial date. (ECF No. 333.) This Order followed several Court Orders restricting operations in the District of Maryland to reduce the size of public gatherings and reduce unnecessary travel in order to ensure the health and safety of the public, Court employees, litigants, counsel, interpreters, law enforcement officials, and jurors, who must work and interact in close quarters. *See In re: Court Operations Under the Exigent Circumstances Created by COVID-19*, Case 1:00-mc-00308, Standing Order 2020-07.

## II.     *Analysis*

The Speedy Trial Act mandates that when a defendant has pleaded not guilty, "the trial of a defendant . . . shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). However, the Court may grant a party's motion to exclude time from the Speedy Trial Act's computation if "the court sets forth, in the record of the case . . . its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.* § 3161(h)(7)(A). In making this decision, the Court should consider: 1) "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;" and 2) "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." *Id.* § 3161(h)(7)(B).

As a preliminary matter, the Court notes that it has already excluded the time from March 13, 2020 to June 15, 2020 for purposes of the Speedy Trial Act. (Order, ECF No. 333.) In its Order, the Court explained that the exclusion of these dates was necessitated by the COVID-19 pandemic, which has resulted in a "near-shutdown" of this Court and rendered the previously scheduled jury trial "impossible." (*Id.* at 1.) The Court found that continuing the trial date and excluding time pursuant to § 3161(h)(7) would serve "the interests of justice . . . and that the ends of justice served by such a delay in the trial outweigh the interests of the public and the defendant in a speedy trial, in light of the COVID-19 pandemic." (*Id.* at 2.) The Court reiterates its findings

4

here and concludes that holding a jury trial with over forty-five witnesses, as well as interpreters, attorneys, and Court staff, in the midst of a pandemic would be a gross miscarriage of justice. *See In re: Court Operations Under the Exigent Circumstances Created by COVID-19*, Case 1:00-mc-00308, Standing Order 2020-07.

The Court now turns to the period of time between February 28, 2020 and March 13, 2020. The Government argues that the complexity of the case warrants excluding that time for purposes of the Speedy Trial Act. (Mot. to Exclude ¶¶ 8–9.) Specifically, the Government cites to the "large volume" of discovery, much of which is in Spanish, and also explains that it must review nine days of trial testimony from the Sandoval-Rodriguez trial which is relevant to Defendant's trial. (*Id.*) The Government has also identified new witnesses since the original trial was slated to begin, which has added to the discovery in this case. (Reply at 6, ECF No. 334.) The Government also argues that extension is warranted because plea negotiations are ongoing between the Government and Defendant. (Mot. Exclude ¶ 9.) The Court of Appeals for the Fourth Circuit has found that "delays resulting from plea negotiations, and pretrial motions, from the time of their filing through their disposition, are excludable" under 18 U.S.C. § 3161(h). *United States v. Ford*, 288 F. App'x 54, 58 (4th Cir. 2008).

Defendant admits that this case is "properly understood as complex," but argues that the Government has had the discovery material for "many months, if not years," and was prepared to go to trial on the underlying allegations before the trial was severed. (Opp'n Mot. ¶¶ 14–15.) The Defendant further argues that exclusion is not proper "given the amount of time Mr. Reyes-Canales has been held pre-trial." (*Id.* ¶15.)

The Court agrees with the Government that exclusion under the Speedy Trial Act of the period between February 28, 2020 and March 13, 2020 is warranted here. As both parties

acknowledge, this is a complex case which is estimated to take four weeks to try in front of a jury, involving dozens of witnesses and multiple counts of murder and racketeering activity. Furthermore, for a case as complex as this one, the mere fact that the Government was ready to go to trial against the Defendant several months ago does not mean that the Government now requires no time to prepare for this trial.  Not only does the Government need time to prepare for a trial of this length and complexity, but since the Sandoval-Rodriguez trial took place, the Government has added an additional count of conspiracy to commit murder to the indictment and identified new witnesses.  The Government also must review the trial transcript in the Sandoval-Rodriguez trial. Last, the Government argues that there have been additional and active plea negotiations with Defendant.  The fact that Defendant has been held for a significant amount of time pre-trial does not outweigh the miscarriage of justice that could occur if a continuance is not granted.

Accordingly, pursuant to 18 U.S.C. § 3161(h), the Court finds that the ends of justice served by granting the requested continuance in this matter outweigh the best interest of the public and the Defendant in a speedy trial, inasmuch as the parties need a longer period than is normally afforded under the federal Speedy Trial Act due to the unusual complexity of the case, as well as for discovery, trial preparation, and plea negotiations.

### III.    Conclusion

For the foregoing reasons, an Order shall enter granting the Government's Motion to Exclude Time Pursuant to the Speedy Trial Act.

DATED this 23rd day of April, 2020.


BY THE COURT:


_____/s/_____
James K. Bredar
Chief Judge