IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIM. NO. JKB-17-0589 |
| MOISES ALEXIS REYES-CANALES, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM AND ORDER

Pending before the Court is Moises Alexis Reyes-Canales's Motion to Reduce Sentence. (ECF No. 482.) The Court will construe the motion as a motion to appoint counsel and a motion filed pursuant to Amendment 821 to the U.S. Sentencing Guidelines ("Amendment 821"). (*Id.*) The Court will deny the Motion.

Amendment 821 is a multi-part amendment. Part B to Amendment 821 provides a mechanism for certain zero-point offenders (i.e., criminal defendants with no criminal history points) to obtain a reduction of their offense level. *See* U.S.S.G. § 4C1.1. However, to be eligible for this reduction, zero-point offenders must meet the criteria enumerated in the amendment, including that "the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense," and that "the offense did not result in death or serious bodily injury." *Id.*

Reyes-Canales pleaded guilty to RICO Conspiracy and Using, Carrying, and Discharging a Firearm During and In Relation to a Crime of Violence. (ECF No. 379.) The Statement of Facts in the Plea Agreement reflects that Reyes-Canales "and others planned and agreed to murder Victim-1," that "members of the gang struck Victim-1 in the head with a branch or stick," and that

"members and associates of MS-13, including Reyes-Canales, proceeded to stab Victim-1 repeatedly, killing Victim-1." (*Id.*) Further, Reyes-Canales and others "devised a plan to murder Victim-2." (*Id.*) Reyes-Canales "pointed a handgun at Victim-2 and Victim-3" and "attempted to shoot Victim-2," but Reyes-Canales's "gun failed to discharge." (*Id.*) A co-conspirator "repeatedly struck Victim-2 with a knife, causing several stab wounds." (*Id.*)

Therefore, while Reyes-Canales is a zero-point offender, (*see* ECF No. 402), the criteria set forth in U.S.S.G. § 4C1.1(a) expressly exclude him, given that he possessed a firearm in connection with the offense and that the offense resulted in death and bodily injury.

Further, to the extent that Reyes-Canales seeks the appointment of counsel to represent him in connection with his Motion, that request is denied. Given the foregoing, the Court does not find that it would be in the interests of justice to appoint him counsel.

Accordingly, it is ORDERED that Reyes-Canales's Motion to Reduce Sentence (ECF No. 482) is DENIED.

DATED this **27** day of January, 2025.

BY THE COURT:

James K. Bredar  
United States District Judge